# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Christopher Dineaa Bahtuoh and Derrick DeSean Holliday,<br><br>Plaintiffs,<br><br>v.<br><br>Jeffrey White and Kathryn Halverson,<br><br>Defendants. | Civil No. 24-cv-0541 (NEB/DJF)<br><br><br><br>**ORDER** |

**IT IS HEREBY ORDERED THAT:**

1. The applications to proceed *in forma pauperis* of Plaintiffs Christopher Dineaa Bahtuoh (ECF No. 2) and Derrick DeSean Holliday (ECF No. 9) are **GRANTED**.

2. Plaintiffs must submit a properly completed Marshal Service Form (Form USM-285) for each defendant. If Plaintiffs do not complete and return the Marshal Service Forms on or before **June 17, 2024**, the Court will recommend dismissing this matter without prejudice for failure to prosecute. The Court will provide Marshal Service Forms to Plaintiffs.

3. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Defendants Jeffrey White and Kathryn Halverson—as sued in their individual capacities—consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

4. If a Defendant sued in his or her individual capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that Defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a Defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

5. The U.S. Marshals Service is directed to effect service of process on Defendants White and Halverson—in their official capacities with the State of Minnesota—consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

6. Mr. Bahtuoh must pay the unpaid balance—$330.84—of this action's statutory filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Mr. Bahtuoh is confined.

7. Mr. Holliday must pay the unpaid balance—$317.89—of this action's statutory filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Mr. Holliday is confined.

8. Mr. Bahtuoh's motion for the appointment of counsel (ECF No. 7) is **DENIED** for two reasons.

First, this motion is signed only by Mr. Bahtuoh. (See ECF No. 7 at 1.) As the Court stated in an order dated April 4, 2024, because Plaintiffs decided to bring this action

jointly, any motions submitted to the Court that take positions on Plaintiffs' behalf must be signed by both Plaintiffs.  (*See* ECF No. 17 at 2, citing Fed. R. Civ. P. 11(a).)

Second, even if both Plaintiffs had signed the motion, the Court would deny it. Appointing counsel in a civil case such as this action is a matter committed to trial-court discretion.  *See, e.g.*, *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (quoting *Chambers v. Pennycock*, 641 F.3d 898, 909 (8th Cir. 2011)).  Among the factors a court should consider in determining whether to appoint counsel are the case's factual and legal complexity, a litigant's ability to investigate and present his or her claims, and any other relevant factors.  *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021) (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)).  At this point, Plaintiffs appear to have the threshold ability to articulate their claims and argue their positions, and their filings in this action suggest that they can communicate effectively with the Court. Additionally, this matter does not appear to be particularly complex (either factually or legally).  This denial is without prejudice.  If circumstances change as this case proceeds, Plaintiffs may file another motion requesting appointment of counsel.

Dated: May 17, 2024                           *s/ Dulce J. Foster*
                                              Dulce J. Foster
                                              United States Magistrate Judge

3