UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Chirstopher Dineaa Bahtuoh et al., | Case No. 24-cv-541 (NEB/DJF) |
| Plaintiffs, | |
| v. | ORDER |
| Jeffery White et al., | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Chistopher Bahtuoh's Motion for Appointment of Counsel ("Motion to Appoint") (ECF No. 47) and Motion to Request 30-Day Time Extension to file a Response to the Defendants Answer ("Motion for Extension") (ECF No. 48). The Court denies both motions for the reasons given below.

### I. Motion to Appoint

Mr. Bahtuoh seeks appointment of counsel on the grounds that: (1) he is unable to afford counsel; (2) his imprisonment will greatly limit his ability to litigate this case; (3) the issues involved in this case are complex and require significant research; (4) he has limited access to the law library and limited knowledge of the law; and (5) a trial will likely involve conflicting testimony, and counsel would be better able to present evidence and cross-examine witnesses (ECF No. 47).

There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, appointment of counsel is a matter of the court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding whether to appoint counsel include: "(1) the

1

factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

The Court recognizes Mr. Bahtuoh's strong desire for legal assistance, but it cannot conclude that litigating this action will be so factually or legally complex, or that Mr. Bahtuoh is so lacking in his ability to investigate the facts or present his arguments to the Court, that counsel should be formally appointed at this stage in the proceedings. Mr. Bahtuoh's lack of access to assistance or the best legal materials is not alone sufficient to warrant the appointment of counsel, as these facts do not distinguish his case from the myriad of other claims brought by pro se litigants. Moreover, while conflicting testimony may emerge later in the case, this factor does not currently outweigh the others. The Court **DENIES** Mr. Bathtouh's Motion to Appoint (ECF No. 47) for these reasons.

## II.     Motion for Extension

Mr. Bahtuoh's Motion for Extension (ECF No. 48) seeks a 30-day extension to respond to Defendants' Answer (ECF No. 42). The Federal Rules of Civil Procedure allow a plaintiff to file a reply to the defendant's answer only with express Court permission. Fed. R. Civ. P. 7(a)(7); *see also, e.g.*, *Gould v. United Bhd. of Carpenters & Joiners of Am.*, 4:21-cv-1187 (RLW), 2022 WL 1262486, at *7 (E.D. Mo. Apr. 28, 2022). A "reply to an answer" is neither customary nor warranted in this case. Because Mr. Bathouh is not authorized to file a reply to Defendants' Answer, the Court **DENIES** his Motion for Extension (ECF No. 48).

**SO ORDERED**.

Dated: August 20, 2024                     *s/ Dulce J. Foster*
                                           Dulce J. Foster
                                           United States Magistrate Judge